IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

RAQUEL SPATHOS,
        Plaintiff,

-vs-

SMART PAYMENT PLAN, LLC,
        Defendant.

CAUSE NO.:
A-16-CV-00898-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Raquel Spathos's Motion for Summary Judgment [#115], Defendant Smart Payment Plan, LLC (SPP)'s Response [#119-2] in opposition, and Plaintiff's Reply [#123] thereto; SPP's Motion for Summary Judgment [#117-2], Plaintiff's Response [#120-1] in opposition, and SPP's Reply [#122-2] thereto; and SPP's Motion to Exclude Testimony of Plaintiff's Expert [#126-2].[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is primarily a breach of contract case. SPP offers bill payment plan services to car dealerships. The bill payment plan services allow a car dealership's customers to complete car loan payments quickly and easily and offer customers the flexibility to set when those payments are made. SPP uses sales agents to sell its services to car dealerships and, in return, the agents earn commissions. Plaintiff formerly worked as one of SPP's sales agents.

---

[1] The parties also filed several motions to seal in connection with the pending substantive motions. The Court grants the parties' motions to seal as a matter of course. Additionally, as the Court was drafting this order, Plaintiff filed a motion for leave to file an answer to SPP's counterclaims. *See* Mot. Leave File Answer [#128]. This motion is not yet ripe and the Court declines to rule on it at this time.

I. **The Agreement and Termination**

In February 2009, Plaintiff and SPP signed a contract memorializing the specifics of their relationship. *See* Pl.'s Mot. Summ. J. App. [#116-3] Ex. C (the Agreement). Under the Agreement, SPP engaged Plaintiff to "distribut[e] the Half Payment Plan" and Plaintiff agreed to distribute the plan for five years in exchange for commissions. *Id.* at 1 The Agreement specified that "[a]ll dealers that [Plaintiff] brings to SPP shall remain [Plaintiff]'s accounts and all agreed upon commissions generated by those dealers shall be paid to [Plaintiff] for the duration that the dealers are involved with the program." *Id.*

In a section titled "Confidentiality," Plaintiff agreed she would not "directly or indirectly" disclose any of SPP's confidential information or use such information "in any manner either during the term of this Agreement or at any time thereafter, except as required in the course of distributing the plan." *Id.* Furthermore, in a section titled "Exclusive Provider," Plaintiff agreed to "not distribute any competing payment plans for the duration of this contract." *Id.* at 2.

In February 2014, Plaintiff incorporated Paywise Payment Plans, LLC (Paywise) in Delaware and registered the new organization in New York, New Jersey, Florida, Connecticut, Michigan, and Texas. Pl.'s Mot. Summ. J. [#115] at 3. In March 2014, Plaintiff and Michael DePetrillo, who formerly developed and implemented software for SPP, began exploring business opportunities together. *Id.*

In September 2015, SPP terminated its relationship with Plaintiff and ceased paying Plaintiff commissions after it learned Plaintiff created Paywise. Def.'s Mot. Summ. J. [#117] at 5. Plaintiff claims she did not conduct any business through Paywise and never received any income from Paywise. Pl.'s Mot. Summ. J. [#115] at 3. After the Agreement was terminated,

Plaintiff was hired by and now works for US Equity Advantage (USEA). *Id.* at 4. USEA offers similar bill payment plan services as SPP through its Auto Pay Plus System. *Id.*

## II. Procedural History

Plaintiff filed this action in New Jersey state court on November 4, 2015, requesting a preliminary injunction and damages for breach of contract, unjust enrichment, tortious interference with business relations, and conversion. Removal Notice [#1-2] Ex. A (Compl.) at ¶¶ 29–63. Shortly thereafter, SPP removed this case to United State District Court for the District of New Jersey. *See* Removal Notice [#1] at 1. The Honorable Judge Shipp denied Plaintiff's request for a preliminary injunction and later transferred the case to this Court. *See* Order of Nov. 17, 2015 [#11]; Order of July 21, 2016 [#30].

SPP then counterclaimed against Plaintiff for breach of contract, misappropriation of trade secrets, unfair competition, breach of fiduciary duty, fraud, fraudulent inducement, promissory estoppel, and unjust enrichment. Am. Countercl. [#55] ¶¶ 23–112. SPP also requested its own preliminary injunction. Mot. Prelim. Inj. [#49]. This Court denied SPP's preliminary injunction request, finding SPP failed to show a threat of substantial injury. Order of Oct. 28, 2016 [#86].

After discovery closed, SPP moved to amend its answer to add two affirmative defenses in response to Plaintiff's belated disclosure of alleged oral agreements between SPP and herself at her deposition. Mot. Leave [#108]. The Court ruled Plaintiff could not rely on oral agreements or promises disclosed for the first time during her deposition testimony and therefore denied SPP's motion for leave to amend. Order of Apr. 6, 2018 [#118].

The parties now file cross-motions for summary judgment. SPP also moves to exclude the testimony of Plaintiff's expert.

3

## Analysis

### I. Motion to Exclude Expert Testimony

As a preliminary matter, the Court first addresses SPP's motion to exclude the testimony of Plaintiff's damages expert, Jared C. Jordan. Mot. Exclude [#126-2]. Because this Court finds it difficult to decide objections to expert witnesses outside of the trial context, it is the Court's practice to consider such objections during the trial. All trials on this docket are "on the clock," with limited time to present the evidence. When an objection to expert testimony is lodged during trial, the Court will recess the jury, listen to the testimony, and make a ruling consistent with the evidence being presented. If the objection is sustained, the time necessary to hear the witness's testimony outside the presence of the jury will be subtracted from the presenter of the witness. If the objection is overruled, the time consumed by listening to the witness outside the presence of the jury will be deducted from the objector. Therefore, the Court dismisses SPP's motion to exclude the expert testimony of Jared C. Jordan without prejudice to re-urging at trial.

### I. Cross Motions for Summary Judgment

#### A. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable

to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

B.  Application

Fact issues and credibility determinations preclude summary judgment here. The key issue in this case is whether Plaintiff materially breached the Agreement first, excusing SPP from later performance. What constitutes a breach of the Agreement is a question of law for this Court. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 127 (5th Cir. 2017). Relevant here, the Agreement, by its terms, prohibited Plaintiff from disclosing "directly or indirectly" SPP's confidential information or using such information "in any manner either during the term of [the] Agreement or any time thereafter, except as required in the course of distributing [SPP's] plan." Agreement at 1. Under the Agreement, Plaintiff promised to "not distribute any competing payment plans for the duration of this contract." *Id.* at 2.

Whether Plaintiff materially breached these duties and thus excused SPP from paying Plaintiff commissions is question of fact for the jury. *See Dallas Roadster*, 846 F.3d at 127 (5th Cir. 2017) (stating whether breaching conduct occurred and whether a breach is material are questions of fact). SPP has provided some evidence from which a reasonable jury could infer Plaintiff disclosed SPP's confidential information or distributed a competing payment plan while the Agreement was in effect. *See* Def.'s Mot. Summ. J. [#117] at 9–12. However, should the jury determine that Plaintiff did not breach the Agreement, then any failure to perform under the Agreement by SPP would not be excused.

Furthermore, whether SPP's information is entitled to trade secret protection, whether Plaintiff misappropriated any of SPP's alleged trade secrets, and whether SPP suffered any damages from such misappropriation feature factual issues to be determined by the fact finder. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 150 (5th Cir. 2004) ("The existence of a trade secret is properly considered a question of fact to be decided by the judge or jury as fact-

6

finder."). However, the Court notes SPP asserts for the first time—in its response to Plaintiff's motion for summary judgment—its trade secrets are its (1) customer lists, information, and preferences; and (2) technological information. Def.'s Resp. Pl.'s Mot. Summ. J. [#119-2] at 6. By contrast, SPP previously alleged—in its amended counterclaims, preliminary injunction briefing, and interrogatory responses—its trade secrets were (1) the variable debit options for its customers; (2) the program matching debits to customers' paydays; and (3) the lease calculator display identifying the benefits of using SPP's services. Am. Countercl. [#55] ¶ 31; Def.'s Mot. Prelim. Inj. [#51] at 9; Pl.'s Reply App. [#124-8] Ex. H (Def.'s Interrog. Resp.) at No. 6. SPP offers no explanation for its revised trade secrets and provides little explanation on the meaning of "technological information." *See* Def.'s Resp. Pl.'s Mot. Summ. J. [#119-2] at 6. As previously noted in this case, Federal Rule of Civil Procedure 37 states "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see also* Order of Apr. 6, 2018 [#118] at 3–4. SPP cannot alter the trade secrets it claims Plaintiff misappropriated on the eve of trial.

In sum, there are factual issues and credibility determinations to be evaluated by the fact finder and the disposition of this case, as a matter of law, would best be served after the introduction of evidence. The Court therefore denies the parties' cross motions for summary judgment.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Smart Payment Plan, LLC's Motion for Leave to File under Seal its Motion for Summary Judgment [#117], Motion for Leave to File under Seal its Opposition to Plaintiff's Motion for Summary Judgment [#119], Motion for Leave to File under Seal its Reply [#122], and Motion for Leave to File under Seal Motion to Exclude Testimony of Plaintiff's Expert [#126] are GRANTED;

IT IS FURTHER ORDERED that Plaintiff Raquel Spathos's Motion for Leave to Seal her Opposition to Defendant's Motion for Summary Judgment [#120] and Motion for Leave to Seal Exhibits [#125] are GRANTED;

IT IS FURTHER ORDERED that Defendant Smart Payment Plan's Motion to Exclude Testimony of Plaintiff's Expert [#126-2] is DISMISSED without prejudice to re-urging at trial;

IT IS FURTHER ORDERED that Plaintiff Raquel Spathos's Motion for Summary Judgment [#115] is DENIED; and

IT IS FINALLY ORDERED that SPP's Motion for Summary Judgment [#117-2] is DENIED.

SIGNED this the 7th day of May 2018.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE